UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530,<br><br>      Plaintiff,<br><br>      v.<br><br>KOHL'S INC. F/K/A KOHL'S DEPARTMENT<br>STORES, INC.,<br>N56 W17000 Ridgewood Drive<br>Menomonee Falls, WI 53051,<br><br>      Defendant. | Case No. 22-964<br><br>**COMPLAINT FOR CIVIL<br>PENALTIES, PERMANENT<br>INJUNCTION, AND OTHER<br>RELIEF** |

Plaintiff, the United States of America, acting upon notification and authorization to the

Attorney General by the Federal Trade Commission ("FTC" or "Commission"), pursuant to

Section 16(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 56(a)(1), for its

Complaint alleges:

1.　　Plaintiff brings this action under Sections 5(m)(1)(B), 13(b), and 16(a)(1) of the

FTC Act, 15 U.S.C. §§ 45(m)(1)(B), 53(b), and 56(a)(1), to obtain monetary civil penalties,

injunctive relief, and other relief for Defendant's violations of Section 5(a)(1) of the FTC Act, 15

U.S.C. § 45(a)(1), the Textile Fiber Products Identification Act ("Textile Act"), 15 U.S.C. § 70 *et*

*seq.*, and the Rules and Regulations Under the Textile Fiber Products Identification Act, 16

C.F.R. Part 303 ("Textile Rules").　Defendant's violations arise from Defendant's marketing

and sales of textile fiber products that Defendant deceptively claims are "bamboo"; are produced

1

free of harmful chemicals, using non-toxic materials, in a way that is non-polluting and safe for humans and the environment; or provide an environmental benefit.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355.

3.     Venue is proper in this District under 28 U.S.C. §§ 1391(b)(2) and (c)(2), 1395(a), and 15 U.S.C. § 53(b).

## PLAINTIFF

4.     This action is brought by the United States of America on behalf of the FTC. The FTC is an independent agency of the United States government given statutory authority and responsibility by, *inter alia*, the FTC Act, 15 U.S.C. §§ 41-58, and the Textile Act, 15 U.S.C. § 70, *et seq*.   The FTC is charged, *inter alia*, with enforcing Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair and deceptive acts or practices in or affecting commerce, and the Textile Act, which governs the labeling and advertising of textile fiber products manufactured, sold, advertised, or offered for sale in commerce, and makes it unlawful to misbrand or falsely or deceptively advertise those products.

## DEFENDANT

5.     Defendant Kohl's Inc. ("Kohl's") is a Delaware corporation with its principal place of business at N56 W17000 Ridgewood Drive, Menomonee Falls, Wisconsin 53051. Kohl's transacts or has transacted business in this District, including through its website, www.kohls.com, and throughout the United States.   At all times relevant to this Complaint, acting alone or in concert with others, Kohl's has participated in the acts and practices described

2

in this Complaint, including by advertising, marketing, distributing, or selling textile products to consumers throughout the United States.

## COMMERCE

6.      At all times relevant to this Complaint, Defendant has maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANT'S BUSINESS ACTIVITIES

7.      Defendant markets and sells textile fiber products throughout the United States on its websites and through brick-and-mortar stores.

8.      Defendant markets and sells textile fiber products under its own proprietary brands, including Happitat and Simply Vera Vera Wang.   Defendant also markets and resells textile products, which it purchases from vendors and/or suppliers ("national brands").

9.      In advertisements for textile products marketed and sold on its website, www.kohls.com, Defendant makes or has made various claims concerning the fiber content of those textile products.

### "Bamboo" Fiber Claims

10.      On the www.kohls.com website, Defendant has claimed the textile fiber in retail products it markets and sells is "bamboo."   For example:

a)      Defendant has marketed and sold a national brand "Elle Decor Bamboo 300 Thread Count Stripe Sheet Set" that describes the product as "Made with sustainable bamboo.   Bamboo is well known for it's [sic] softness."   Under "Construction & Care," bamboo is the only material listed.

3



b)    Defendant also has marketed and sold a national brand "Protect-A-Bed Bamboo Waterproof Mattress Protector" that lists the fiber content as "70% bamboo, 30% cotton."

4



c)    Defendant also has marketed and sold a national brand "Protect-A-Bed Bamboo Waterproof Pillow Protector" that lists the fiber content as "70% bamboo, 30% cotton."



d)      Defendant also has marketed and sold a national brand "Sleep Philosophy Bamboo Shredded Memory Foam Body Pillow" that lists the fiber content of the cover as "60% polyester, 40% bamboo" with "Memory foam fill."



e)       Defendant also has marketed and sold a national brand "Park B. Smith

Ultra Spa Luxury Bamboo Solid Bath Rug" that describes the construction as

"Cotton/bamboo."



f)      Under its own brand, Defendant has marketed and sold "Food Network™

Cookingreen™ 2-pk. Striped Kitchen Towels" that describes the fiber content as

"Cotton/bamboo."



**Environmental Benefit Claims**

11.     Defendant has made environmental benefit claims about the products it advertises

as bamboo or rayon made from bamboo, including:

        a)     In some instances, Defendant has featured an image of three stars in a

circle next to the words "Cleaner Solutions."



A consumer who clicks on this image is brought to a different webpage titled

"Sustainability at Kohl's" that describes a number of different initiatives in which

9

Defendant is involved, and which Defendant suggests show that it "care[s] about the planet."   A consumer who scrolls down this page ultimately sees that Defendant has placed the image with "Cleaner Solutions" on products to indicate that they are "[p]roduced free of harmful chemicals, using clean, non-toxic materials" and are "MADE IN GREEN by OEKO-TEX®."



   b)  Defendant has marketed and sold "Simply Vera Vera Wang 600 Thread Count Supima Cotton Rayon from Bamboo Sheet Set or Pillowcases" under its own proprietary brand.   In the online advertisement, the "Cleaner Solutions" icon is included at the top of the Product Details, and under Product Features, Defendant claims that the product is "MADE IN GREEN" and that "[t]his label verifies this product was made using materials tested for harmful substances and manufactured in environmentally friendly facilities that have safe and socially responsible work practices."



c)      Defendant also has marketed and sold a "Happitat™ Fluffy Rayon From Bamboo Pillow" under its own proprietary brand.   In the online advertisement, the "Cleaner Solutions" icon is included at the top of the Product Details, and under Product Features, Defendant claims that the product is "gentle on the planet."

11



d)      Defendant also has marketed and sold a "Happitat™ Soft Rayon From

Bamboo Duvet Cover and Sham Set" under its own proprietary brand.   In the online

advertisement, the "Cleaner Solutions" icon is included at the top of the Product Details,

and under Product Features, Defendant claims that the product is "gentle on the planet."



e)      Defendant also has marketed and sold a "Happitat™ Fluffy Rayon From

Bamboo Mattress Pad" under its own proprietary brand.   In the online advertisement, the

"Cleaner Solutions" icon is included at the top of the Product Details, and under Product

Features, Defendant claims that the product is "gentle on the planet."

13



f)      As set forth in Paragraph 10(f), Defendant also has marketed and sold "Food Network™ Cookingreen™ 2-pk. Striped Kitchen Towels" under its own proprietary brand.   In the online advertisement, Kohl's explains that a "Highly renewable bamboo blend promises environmentally friendly use."

14

g)      Defendant also has marketed and sold a national brand "Pacific Coast

Textiles 6-pack Bamboo Towel Set" and has claimed it allows consumers to "[d]ry off in

an eco-friendly way with this Pacific Coast Textiles bamboo towel set."



h)      Defendant also has marketed and sold a national brand Rayon from

Bamboo Solid Deep-Pocket Sheets.   In marketing the sheets, Defendant has claimed,

15

"Going green has never been so sumptuous . . . this sheet set keeps you cozy while suiting your eco-friendly taste."



     i)     Defendant also has marketed and sold a national brand "Bambu Serenity Natural Bamboo Mattress Pad" and has claimed, "This Bambu Serenity bamboo mattress pad will appeal to your sense of luxury and your desire to help the planet."



**Defendant's Textile Products Are Rayon**

12.     As defined by the Textile Act and Rules, textile fiber products marketed and sold

by Defendant as bamboo, including those described in Paragraphs 10 and 11 above, are rayon,

not actual bamboo fiber woven into fabric.

17

13.     Rayon is the generic name for a type of regenerated or manufactured fiber made from cellulose.   Rayon is manufactured by taking purified cellulose from a plant source, also called a cellulose precursor, and converting it into a viscous solution by dissolving it in one or more chemicals, such as sodium hydroxide.   The chemical solution is then forced through spinnerets and into an acidic bath where it solidifies into fibers.

14.     Manufacturers may use many different plants as cellulose precursors to make rayon, including cotton linters (short cotton fibers), wood pulp, and bamboo.   Regardless of the source of the cellulose, the manufacturing process involves the use of hazardous chemicals, and the resulting fiber is rayon and not cotton, wood, or bamboo fiber.   *See generally* 40 C.F.R. Part 63, Subpart UUUU ("National Emission Standards for Hazardous Air Pollutants for Cellulose Products Manufacturing").

15.     "[H]azardous air pollutants (HAP) emitted from cellulose products manufacturing operations" include carbon disulfide, carbonyl sulfide, ethylene oxide, methanol, methyl chloride, propylene oxide, and toluene.   40 C.F.R. § 63.5480.

16.     Pursuant to the Textile Act and Rules, advertising for textile products that references or implies fiber content must disclose the generic fiber names recognized or established by the Commission, and must not misrepresent fiber content.   16 C.F.R. §§ 303.15 & 303.16(a)(1).   Advertising for manufactured textile products composed, in whole or in part, of regenerated cellulose fiber must therefore use the generic fiber name, in this case, "rayon" or "viscose."

## PRIOR COMMISSION PROCEEDINGS CONCERNING
## TEXTILE FIBER PRODUCT MISREPRESENTATIONS

17.     In August 2009, the Commission announced three settlements and one
administrative action against marketers who improperly labeled and advertised rayon textile
products as "bamboo."   In addition to publicly announcing these cases, the Commission issued a
Business Alert to remind marketers of the need to label and advertise textile products properly,
and to clarify that "bamboo" is not a proper generic fiber name for manufactured rayon textile
fibers.   The Commission disseminated the press release announcing the four cases and the
Business Alert widely throughout the marketplace.

18.     On January 27, 2010, the Commission sent Defendant a letter by express mail,
informing Defendant that certain of its acts or practices in connection with the advertising and
labeling of textile fiber products may violate the Textile Act and the Textile Rules and constitute
unfair or deceptive acts or practices under Section 5 of the FTC Act, 15 U.S.C. § 45(a)(1).
Specifically, the letter informed Defendant that the term "bamboo" can only be used in labeling
or advertising a textile product made from fibers taken directly from the bamboo plant, without
undergoing the chemical process necessary to make rayon, and that rayon must be described
using an appropriate recognized term.   The letter informed Defendant that failing to properly
label and advertise textiles misleads consumers and violates both the Textile Rules and the FTC
Act.

19.     Defendant received the Warning Letter.

20.     Enclosed with the Warning Letter was a synopsis of previously litigated decisions
issued by the Commission, as well as instructions to contact Commission staff or to visit the

Commission's website at http://www.ftc.gov/bamboo to obtain complete copies of the Textile

Act, the Textile Rules, and the Commission's Final Orders and Opinions in the proceedings

described in the synopsis.

21.     As detailed in the synopsis enclosed with the Warning Letter, in a series of

litigated decisions, the Commission determined, among other things, that:

a)     Both manufacturers and sellers of textile fiber products must comply with

the Textile Act and the Textile Rules, *see H. Myerson Sons, et al.*, 78 F.T.C. 464 (1971);

*Taylor-Friedsam Co., et al.*, 69 F.T.C. 483 (1966); *Transair, Inc., et al.*, 60 F.T.C. 694

(1962);

b)     It is an unfair or deceptive act or practice to falsely or deceptively stamp,

tag, label, invoice, advertise, or otherwise identify any textile fiber product regarding the

name or amount of constituent fibers contained therein, *see Verrazzano Trading Corp., et*

*al.*, 91 F.T.C. 888 (1978); *H. Myerson Sons, et al.*, 78 F.T.C. 464 (1971); *Taylor-*

*Friedsam Co., et al.*, 69 F.T.C. 483 (1966); *Transair, Inc., et al.*, 60 F.T.C. 694 (1962);

and

c)     It is a violation of Section 5 of the FTC Act, the Textile Act, and the

Textile Rules to advertise textile fiber products in a way that makes disclosures or

implications of fiber content while failing to set forth the required information as to fiber

content as specified by Section 4(c) of the Textile Act and in the manner and form

prescribed by the Textile Rules, *see Delco Carpet Mills, Inc.*, 70 F.T.C. 1706 (1966).

22.     The Warning Letter also notified Defendant of its potential liability for civil

penalties under Section 5(m)(1)(B) of the FTC Act, 15 U.S.C. § 45(m)(1)(B), for knowingly

engaging in acts or practices determined by the Commission to be unfair or deceptive and unlawful, as described in Paragraph 21 of this Complaint.

23.     In January 2013, the Commission announced four settlements with large, national marketers that received the Warning Letter and thereafter allegedly engaged in improper labeling and advertising of rayon textile products as "bamboo."   The Commission announced these settlements through a widely disseminated press release that reminded marketers of the Business Alert it had previously issued regarding the need to label and advertise textile products, and specifically "bamboo" products, properly.

24.     In December 2015, the Commission announced four more settlements with large, national marketers that received the Warning Letter and thereafter allegedly engaged in improper labeling and advertising of rayon textile products as "bamboo."   In addition to publicly announcing these cases, the Commission sent letters to other retailers, including Defendant, again reminding them about the prior bamboo cases and advising them to check their own inventories to ensure proper labeling and advertising of their textile products.   The press release announcing the four cases was disseminated widely throughout the marketplace.

25.     Since at least 2015, despite the Commission's public announcements and the Warning Letter, Defendant has marketed and sold rayon textile fiber products advertised as "bamboo," including by engaging in practices such as those described in Paragraphs 10 through 11 above.

26.     The practices described in Paragraphs 10 through 11 above are deceptive acts or practices in violation of Section 5(a)(1) of the FTC Act, 15 U.S.C. § 45(a)(1), and violate the Textile Act and the Textile Rules.

21

27. Based on the facts and violations of law alleged in this Complaint, Plaintiff has reason to believe that Defendant is violating or is about to violate laws enforced by the Commission because, among other things, Defendant engaged in its unlawful acts and practices repeatedly over a period of at least five years despite receipt of the Warning Letter, and only ceased some of its unlawful conduct after it received a request for information from the FTC.

## VIOLATIONS OF SECTION 5 OF THE FTC ACT

28. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce."

29. Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

### Count I:   False or Unsubstantiated Representations

30. Paragraphs 1-29 are incorporated as if set forth herein.

31. In numerous instances, in connection with the advertising, marketing, promotion, offering for sale, or sale of textile fiber products, Defendant represents or has represented directly or indirectly, expressly or by implication, that:

a) Its textile fiber products are bamboo fiber;

b) Its textile fiber products made of bamboo or bamboo fiber are produced free of harmful chemicals, using non-toxic materials, in a way that is non-polluting and safe for humans and the environment; or

c) Its textile fiber products made of bamboo or bamboo fiber provide an environmental benefit, in whole or in part, because they are derived from bamboo.

22

32.     The representations set forth in Paragraph 31 are false or misleading, or were not substantiated at the time the representations were made.

33.     Therefore, the making of the representations as set forth in Paragraph 31 constitutes a deceptive act or practice in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## VIOLATIONS OF THE TEXTILE ACT AND THE TEXTILE RULES

34.     The Textile Act governs, *inter alia*, the labeling and advertising of textile fiber products manufactured, sold, advertised, or offered for sale in commerce.   *See* 15 U.S.C. § 70a.

35.     Under the Textile Act, a textile fiber product is "misbranded if it is falsely or deceptively stamped, tagged, labeled, invoiced, advertised, or otherwise identified as to the name or amount of constituent fibers contained therein."   15 U.S.C. § 70b(a).

36.     Pursuant to section 70e(c) of the Textile Act, 15 U.S.C. § 70e(c), the Commission promulgated the Textile Rules, which state:

     a)     All textile fiber products must carry affixed labels stating the recognized generic names of the constituent fibers, 16 C.F.R. §§ 303.2, 303.6, 303.15, 303.16(a)(1);

     b)     No generic name for a manufactured fiber may be used until such generic name has been "established or otherwise recognized by the Commission," 16 C.F.R. § 303.8;

     c)     "Words, coined words, symbols[,] or depictions, (a) which constitute or imply the name or designation of a fiber which is not present in the product . . . shall not be used in such a manner as to represent or imply that such fiber is present in the

product."   16 C.F.R. § 303.18.   Any term used in advertising, including internet

advertising, that constitutes or connotes the name or presence of a textile fiber is "deemed

to be an implication of fiber content."   16 C.F.R. § 303.40.   "In advertising textile fiber

products, the use of a fiber trademark or a generic fiber name shall require a full

disclosure of the fiber content information required by the Act and regulations in at least

one instance in the advertisement."   16 C.F. R. § 303.41.   "Where a textile fiber product

is advertised in such manner as to require disclosure of the information required by the

[Textile] Act and regulations, all parts of the required information shall be stated in

immediate conjunction with each other in legible and conspicuous type or lettering of

equal size and prominence."   16 C.F.R. § 303.42; and

> d)      Any information or representation included in advertising or labeling of a
>
> textile fiber product that is not required under the Textile Act or the Textile Rules "shall
>
> in no way be false, deceptive, or misleading as to fiber content and shall not include any
>
> names, terms, or representations prohibited by the [Textile] Act and regulations."   16
>
> C.F.R. § 303.42(b); 16 C.F.R. § 303.41(d); *see also* 16 C.F.R. § 303.17(d).

37.     A violation either of the Textile Act or of the Textile Rules constitutes an unfair

or deceptive act or practice in violation of the FTC Act.   *See* 15 U.S.C. §§ 70a and 70e.   The

FTC "is authorized and directed to prevent any person from violating the provisions of [the

Textile Act] in the same manner, by the same means, and with the same jurisdiction, powers, and

duties as though all applicable terms and provisions of the [FTC Act] were incorporated" therein,

and any "person violating the [Textile Act] shall be subject to the penalties" provided in the FTC

Act.   15 U.S.C. § 70e(b).

**Count II:   Unlawful Marketing of Textile Products**

38.     Paragraphs 1-37 are incorporated as if set forth herein.

39.     In numerous instances, in connection with the advertising, marketing, promotion, offering for sale, or sale of textile fiber products containing rayon, Defendant has represented directly, or indirectly, expressly or by implication, that such products contain "bamboo" fiber.

40.     In truth and in fact, in numerous instances in which Defendant has made the representations set forth in Paragraph 39, these textile fiber products do not contain bamboo fiber, but instead contain rayon, a regenerated cellulose fiber.

41.     In numerous instances in connection with the advertising of textile fiber products containing rayon, Defendant has made representations regarding the products' fiber content without disclosing the full fiber content as required by the Textile Act and Textile Rules.

42.     Therefore, the representations as set forth in Paragraph 39 are false or misleading, Defendant's retail textile fiber products are falsely or deceptively advertised, and Defendant's advertising fails to disclose full fiber content in violation of Sections 70a and 70b of the Textile Act, 15 U.S.C. §§ 70a and 70b, and Sections 303.2, 303.6, 303.18, 303.40, 303.41, and 303.42 of the Textile Rules, 16 C.F.R. Part 303.

43.     Defendant's violations of the Textile Act and of the Textile Rules constitute deceptive acts or practices, in or affecting commerce, in violation of Section 5(a) of the FTC Act. *See* 15 U.S.C. §§ 70a and 70e.

## VIOLATIONS OF PRIOR COMMISSION DETERMINATIONS CONCERNING UNFAIR OR DECEPTIVE ACTS OR PRACTICES IN COMMERCE

44.     Pursuant to Section 5(m)(1)(B) of the FTC Act, 15 U.S.C. § 45(m)(1)(B), if the Commission has determined in a proceeding under section 5(b) of the FTC Act, 15 U.S.C.

§ 45(b), that an act or practice is unfair or deceptive by issuing a final cease and desist order

other than a consent order, then a person, partnership, or corporation that engages in such act or

practice with actual knowledge that such act or practice is unfair or deceptive shall be liable for

civil penalties.

45.     In prior litigated decisions, the Commission has determined that it is an unfair or

deceptive act or practice to offer for sale or sell textile fiber products that are falsely or

deceptively labeled as to the name or amount of constituent fiber contained therein.   The

Commission also has determined that it is an unfair or deceptive act or practice to falsely or

deceptively advertise textile fiber products including, but not limited to, falsely or deceptively

advertising the name or amount of constituent fiber contained within a textile fiber product.   *See*

Paragraph 21.

46.     Pursuant to Section 5(m)(1)(B) of the FTC Act, for the purpose of computing civil

penalties, each and every instance that Defendant has introduced, advertised, offered for sale, or

sold a misbranded retail textile fiber product since receiving the Warning Letter constitutes an

act or practice that the Commission has determined in a prior proceeding to be unfair or

deceptive.

47.     Section 5(m)(1)(B) of the FTC Act, 15 U.S.C. § 45(m)(1)(B), as modified by

Section 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, and

the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015, Public Law

114-74, sec. 701, 129 Stat. 599 (2015), and Section 1.98(e) of the FTC's Rules of Practice, 16

C.F.R. § 1.98(e), effective January 10, 2022, authorizes the award of monetary civil penalties of

not more than $46,517 for each violation of prior Commission determinations concerning unfair and deceptive acts or practices in commerce.

### Count III:   Violations Under Section 5(m)(1)(B)

48.     Paragraphs 1-47 are incorporated as if set forth herein.

49.     As set forth in Paragraphs 18 through 22, at least since receiving the Warning Letter, Defendant has had actual knowledge that (1) falsely or deceptively advertising textile fiber products or (2) offering for sale or selling falsely or deceptively advertised textile products are unfair or deceptive acts or practices subject to civil penalties.

50.     In numerous instances, as set forth in Paragraph 10, Defendant has offered for sale and sold textile products it advertised as containing "bamboo."

51.     In truth and in fact, in numerous instances in which Defendant has made the representations set forth in Paragraph 50, these textile fiber products are not bamboo fiber but instead rayon, a regenerated cellulose fiber.

52.     Defendant has engaged in the acts and practices described in Paragraphs 50 and 51 with the actual knowledge, as set forth in Paragraph 44, that such acts and practices have been determined by the Commission in a final cease and desist order, other than a consent order, to be unfair and deceptive under Section 5(a) of the FTC Act.   Defendant, therefore, is liable for civil penalties under Section 5(m)(1)(B) of the FTC Act.   15 U.S.C. § 45(m)(1)(B).

### **CONSUMER INJURY**

53.     Consumers are suffering, have suffered, and will continue to suffer substantial injury as a result of Defendant's violations of the FTC Act and the Textile Act and Rules.

Absent injunctive relief by this Court, Defendant is likely to continue to injure consumers and harm the public interest.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff requests that the Court:

A.      Enter a permanent injunction to prevent future violations of the FTC Act, the Textile Act, and the Textile Rules by Defendant;

B.      Award monetary civil penalties pursuant to 15 U.S.C. § 45(m)(1)(B); and

C.      Award any other and additional relief as the Court determines to be just and proper.

Dated: April 8, 2022

Respectfully submitted,

**FOR FEDERAL TRADE
COMMISSION:**

JAMES A. KOHM (D.C. Bar No. 426342)
Associate Director for Enforcement

LAURA KOSS (D.C. Bar No. 441848)
Assistant Director for Enforcement

MIRIAM LEDERER
(D.C. Bar No. 983730)
Attorney
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Mail Drop CC-9528
Washington, D.C. 20580
(202) 326-2975; mlederer@ftc.gov

**FOR PLAINTIFF
THE UNITED STATES OF AMERICA:**

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

ARUN G. RAO
Deputy Assistant Attorney General

GUSTAV W. EYLER (D.C. Bar No. 997162)
Director
Consumer Protection Branch

LISA K. HSIAO (D.C. Bar No. 444890)
Assistant Director

By: */s/ Rachael L. Doud*
Rachael L. Doud
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
450 5th Street NW, Suite 6400 South
Washington, DC 20530
(202) 451-7468
rachael.doud@usdoj.gov